# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC ROY MCDONALD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-165

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric Roy McDonald appeals his 96-month term of imprisonment imposed following his guilty plea conviction for possession of cocaine base with intent to distribute. He argues that his sentence is substantively unreasonable because the district court failed to accord sufficient weight to his significant mitigating circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10180

McDonald presented his mitigating arguments to the district court and objected to the substantive reasonableness of the sentence.  Because he raised these arguments in the district court, his claims are preserved for appeal and will be reviewed for an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008).

Where, as here, the district court imposes a sentence within a properly calculated sentencing guidelines range, this court "will give great deference to that sentence," and the sentence is entitled to a rebuttable presumption of reasonableness.  *See United States v. Campos-Maldonado,* 531 F.3d 337, 338-39 (5th Cir. 2008) (internal quotations and citation omitted).  The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court stated that it had considered the mitigating factors presented by McDonald in determining that it would not depart above the guidelines range despite his serious criminal history.  While recognizing that McDonald had suffered emotional abuse as a child and had sustained a serious brain injury, the district court indicated that those factors were outweighed by McDonald's need for a significant guidelines sentence to deter him from further criminal activity.  McDonald has not shown a clear error of judgment on the part of the district court in balancing the necessary sentencing factors.  *See id.* In light of the totality of the circumstances, we hold that McDonald has failed to rebut the presumption of reasonableness given to his guidelines-range sentence.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Accordingly, the sentence is AFFIRMED.